DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
HENRY HERRING,

                Plaintiff,

         -v-

NEW YORK CITY POLICE DEPT.; D.A. RICHARD
A. BROWN; QUEENS COUNTY, STATE OF NEW
YORK,

                Defendants.
----------------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM
AND ORDER**
10-CV-938 (KAM)

MATSUMOTO, United States District Judge:

      On February 24, 2010, plaintiff Henry Herring, currently incarcerated at Clinton Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that he was falsely arrested, falsely imprisoned and maliciously prosecuted. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but for the reasons discussed below, the complaint is dismissed.

## BACKGROUND

      Plaintiff states that he was unlawfully arrested on January 22, 2005, in Queens, New York, and maliciously prosecuted on, *inter alia*, multiple robbery counts. Compl. at IV & Exhibit H. It appears that plaintiff was convicted of the charges that form the basis of the action herein. Plaintiff brings this complaint against the District Attorney of Queens County, Richard Brown, the New York City Police Department and the Queens County Criminal Court. Plaintiff is "requesting for this defective and invalid indictment [to] be dismissed and my liberty restored," as well as $50 million in monetary damages. Compl. at V.

1

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); Erickson v. Pardus, 551 U.S. 89, 94 (2007); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A (b); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Malicious Prosecution

In order for plaintiff to prevail on his § 1983 claim for malicious prosecution, he must show a violation of his rights under the Fourth Amendment, Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002); Murphy v. Lynn, 118 F.3d 938, 944 (2d Cir. 1997), and establish the elements of a malicious prosecution claim under state law. Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995); Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989); Breitbard v. Mitchell, 390 F. Supp. 2d 237, 245-46 (E.D.N.Y. 2005). To establish a malicious prosecution claim under New

2

York law, plaintiff must show (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions. Russell, 68 F.3d at 36 (2d Cir. 1995); Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991). Here, it is clear that the charges against plaintiff have not terminated in his favor. Therefore, plaintiff's malicious prosecution claim is dismissed pursuant to 28 U.S.C. § 1915A.

False Arrest and False Imprisonment Claims

To the extent that plaintiff is alleging false arrest and false imprisonment, they are considered synonymous causes of action. Covington v. City of New York, 171 F.3d 117, 125 (2d Cir. 1999); Posr, 944 F.2d at 96; Fox v. City of New York, No. 03-cv-2268, 2004 WL 856299, at *4 (S.D.N.Y. Apr. 20, 2004). To establish a claim for false arrest under § 1983, a plaintiff must show that "the defendant intentionally confined him without his consent and without justification." Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); Wray v. City of New York, 340 F. Supp. 2d 291, 301 (E.D.N.Y. 2004). A showing of probable cause will defeat all federal and state law claims for false arrest and imprisonment. Escalera, 361 F.3d at 743; Jocks v. Tavernier, 316 F.3d 128, 134-35 (2d Cir. 2003). The existence of probable cause is a complete defense to an action for false arrest, even where a person is ultimately acquitted. Weyant, 101 F.3d at 852 (citing Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)).

Furthermore, a claim for damages under § 1983 can only be brought if plaintiff's underlying conviction is invalidated. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (discussing Heck v. Humphrey, 512 U.S. 477 (1994)). Before bringing an action for damages,

such as plaintiff is doing here, he must first succeed in overturning his conviction or having it declared invalid, whether by an administrative board, state court, or in a federal habeas corpus proceeding. See Heck, 512 U.S. at 486-87. Therefore, since plaintiff's state court criminal conviction has not been overturned, plaintiff's complaint seeking damages is not viable at this time and is dismissed without prejudice. See Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) (dismissal under Heck is without prejudice, if plaintiff's conviction is declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated). Moreover, to the extent plaintiff seeks for his conviction to be overturned and for his liberty [to be] restored, it is well settled that when a litigant makes a constitutional challenge to a determination which affects the overall length of his imprisonment, the "sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500-05 (1973).

Claims Against District Attorney; The NYPD; and Criminal Court

Plaintiff's claims against Queens County District Attorney Richard Brown are likewise dismissed. Prosecutors enjoy absolute immunity from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Doe v. Phillips, 81 F.3d 1204, 1209 (2d Cir. 1996); Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994). As the Second Circuit held, "[b]ecause the immunity attaches to the official prosecutorial function, . . . and because the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions . . ., the prosecutor has absolute immunity for the initiation and conduct of a prosecution 'unless [he] proceeds in the clear absence of all jurisdiction.'" Shmueli v. City of New York, 424 F.3d. 231, 237 (2d Cir.

4

2005) (quoting Barr v. Abrams, 810 F.2d 358, 361 (2d Cir. 1987) (citations omitted)). See also Buckley v. Fitzsimmons, 509 U.S. 259, 274 n.5 (1993) (acknowledging that absolute immunity shields "prosecutor's decision to bring an indictment, whether he has probable cause or not"); Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995) (holding district attorneys absolutely immune from claim for malicious prosecution); Hill v. City of New York, 45 F.3d 653, 660-61 (2d Cir. 1995) (holding prosecutors and those working under their direction absolutely immune for initiating prosecution). Thus, because plaintiff's claims against defendant Richard Brown relate to plaintiff's prosecution and criminal trial, Mr. Brown is absolutely immune from suit in this action.

Furthermore, the New York City Police Department, as an agency of the City of New York, lacks independent legal existence and cannot be sued under § 1983. See Basnight v. Rossi, No. 97-CV-1312, 2003 WL 722810, at *3 (E.D.N.Y. Mar. 4, 2003) (holding that the NYPD and NYDOC are non-suable entities). Moreover, Section 1983 provides that an action may only be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. A court, such as the Queens County Criminal Court, is not a "person" within the meaning of § 1983, Zuckerman v. Appellate Division, Second Dep't, Supreme Court, 421 F.2d 625, 626 (2d Cir. 1970); Mathis v. Clerk of First Dep't, Appellate Div., 631 F. Supp. 232, 235 (S.D.N.Y. 1986).

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed. 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good

faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is kindly requested to serve a copy of this Memorandum and Order on plaintiff, enter judgment, and close this case.

SO ORDERED.

/Signed by Judge Matsumoto/
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
March 16, 2010